## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JB CONSULTING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WOLFGANG PUCK CATERING AND | ) | CASE NO. 08 cv 3107 |
| EVENTS, LLC, d/b/a WOLFGANG | ) | |
| PUCK CATERING, | ) | Judge Andersen |
| | ) | Magistrate Judge Nolan |
| Defendant. | ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Wolfgang Puck Catering and Events, LLC, d/b/a Wolfgang Puck Catering

("Defendant" or "Puck Catering"), by and through its undersigned counsel, answers Plaintiff, JB

Consulting Inc.'s ("Plaintiff" or "JB Consulting"), Complaint as follows:

### OVERVIEW

1.      Beginning in 2005, Plaintiff has provided consulting and sales representation services to Defendant's catering business, pursuant to a written contract.  Under the contract, Plaintiff was to be paid a monthly fee and a commission of 10% of gross sales. The initial term of the contract was one year.  The parties agreed to extend the contract and continued to perform under the contract after the first year. Defendant unilaterally decided, about half way in to year 2 of the contract, to make partial payments of the agreed fee to the Plaintiff for purported budgetary reasons, but Defendant promised Plaintiff that it would find a "creative way" to make-up for the shortfall.   In reliance on Defendant's promises and assurances, Plaintiff continued to provide valuable services for Defendant and procured significant catering events. Plaintiff invoiced Defendant for the unpaid portion of its fee, without objection from Defendant. Defendant has reneged on its contract, promises and assurances by refusing to pay fees and commissions that are owed to Plaintiff.  It brings this Complaint to remedy the significant damages wrongfully caused by Defendant.

**ANSWER:**

1

This Paragraph is an introductory statement to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 1 of the Complaint.

## PARTIES

2.    JB Consulting is a corporation organized and existing under the laws of the State of Illinois, having been incorporated on February 8, 2005.  The company is owned and operated by Jill Barnes, who has extensive experience in the catering business.

**ANSWER:**

Defendant admits that JB Consulting is a corporation owned and operated by Jill Barnes.

Defendant lacks information sufficient to either admit or deny the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.    Puck Catering is believed to be a limited liability company that is licensed to do business in the State of Illinois and operates an office in Illinois.  It is in the catering business.

**ANSWER:**

Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.    Jurisdiction is proper in Illinois, pursuant to 735 ILCS 5/2-209, because this action involves the breach of a contract within the State of Illinois.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 of the Complaint, except to admit that this Court has jurisdiction over this lawsuit.

5.    Venue is proper in Cook County, Illinois, pursuant to 735 ILCS 4/2-101, because Cook County is where the transaction or some part thereof occurred out of which this cause of action arises.

**ANSWER:**

\6304163.3

Defendant denies the allegations in Paragraph 5 of the Complaint, except to admit that venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

6.     Ms. Barnes on behalf of JB Consulting and Carl Schuster on behalf of Puck Catering negotiated a contract for JB Consulting to provide outside consulting and sales representation services for Puck Catering.

**ANSWER:**

Defendant admits that Ms. Barnes and Carl Schuster negotiated a contract on behalf of JB Consulting and Puck Catering, respectively.  Further answering, Defendant admits that the terms of the written contract speak for itself as to any obligations due and owing between JB Consulting and Puck Catering.  Defendant denies any remaining allegations in Paragraph 6 of the Complaint.

7.     Ms. Barnes initially proposed an annual fee of $225,000, which was agreeable to Mr. Schuster.

**ANSWER:**

Defendant admits that Ms. Barnes initially proposed a retainer fee of $225,000 for the term of the contract.   Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.     In February 2005, the parties entered into a written contract for JB Consulting to provide exclusive sales representation and sales consulting services to Puck Catering ("the Contract"), a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:**

Defendant admits Exhibit A is a true and correct copy of a contract between JB Consulting and Puck Catering, the terms of which speak for itself, entered into in February 2005. Defendant denies that the February 2005 contract was exclusive and further denies any

remaining allegations in Paragraph 8 that are inconsistent with the terms of the written contract, attached as Exhibit A to the complaint.

9.      Under the Contract, JB Consulting was to be paid an annual fee of $167,000 plus a commission in the amount of 10% of gross sales.

**ANSWER:**

Defendant denies that under the Contract, JB Consulting was to be paid an annual fee of $167,000. Defendant admits that JB Consulting was to be paid an initial payment of $35,000 and twelve additional payments of $11,000 each due monthly. Defendant further admits that JB Consulting was to be paid a commission of 10% of the gross sale of food and beverage. Defendant denies any remaining allegations in Paragraph 9 that are inconsistent with the terms of the written contract, attached as Exhibit A to the complaint.

10.     In year 1 of the parties' relationship (2/05 - 1/06), JB Consulting was paid $167,000 in fees. On its own volition, JB Consulting did not bill for the commissions to which it was entitled in the approximate amount of $47,218, based on the expectation that it was building a long term relationship with Puck Catering.

**ANSWER:**

Defendant admits that JB Consulting was paid $167,000 in fees in year 1. Defendant denies that JB Consulting was entitled to the identified commissions in the amount of $47,219 for the February 2005 – January 2006 period. Defendant lacks sufficient information to either admit or deny JB Consulting's intent or expectation with respect to its alleged failure to bill Puck Catering for the allegedly due commissions. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     The initial term of the Contract was one year. The parties agreed to continue their relationship and continued to perform under the Contract.

**ANSWER:**

4

\6304163.3

Defendant admits that the term of the Contract was one year, upon which the Contract expired. Defendant admits that the parties thereafter, entered into a separate, oral agreement. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.    In year 2 of the parties' relationship (2/06 - 1/07), JB Consulting was paid $127,417 in fees, $39,583 less than the amount of fees it was owed for its services.

**ANSWER:**

Defendant admits that JB Consulting was paid $127,417 in fees in year 2. Defendant denies that this amount was $39,583 less than the amount of fees JB Consulting was owed for its services. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13.    For each of the months of February through August 2006, JB Consulting was paid $13,916 pursuant to the contract ($167,000/12).

**ANSWER:**

Defendant admits that for each of the months of February through August 2006, JB Consulting was paid $13,916. Defendant admits that such amounts were paid. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.    With no forewarning, Mr. Schuster advised Ms. Barnes that Puck Catering's Chicago region could only afford to pay her $6,000 per month. She responded that this amount was unacceptable and that JB Consulting was unwilling to agree to a cut in pay. Mr. Schuster assured Mr. Barnes that JB Consulting would be paid the same fees as in the past, but that he would need to find a creative way to make up the difference between the agreed fees of $13,916 and the $6,000 that the Chicago region could afford.

**ANSWER:**

Defendant admits that Ms. Barnes was advised that Defendant could not afford to pay her $6,000 per month. Defendant denies that Puck Catering was required to provide Ms. Barnes with warning or to honor any obligation due and owing pursuant to the written Contract, which expired by its terms on February 11, 2006 or the later oral agreement. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

5

15.     Based on Mr. Schuster's promises and assurances, JB Consulting continued to provide valuable services and Puck Catering continued to receive substantial benefit from those services.

**ANSWER:**

Defendant admits that JB Consulting provided services after February 11, 2006 to Defendant pursuant to an oral agreement, pursuant to which the scope of work to be performed by JB Consulting had been reduced from the February 2005 Contract. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     For each of the months of September 2006 through January 2007, JB Consulting was paid $6,000 in fees.  It invoiced the Company for $7,916 per month (the differential between the amount it was owed in fees and what it was paid).  No one from the Company challenged that the invoiced amounts were owed.

**ANSWER:**

Defendant admits that it paid JB Consulting $6,000 in fees for each of the months from September 2006 through January 2007.  Defendant admits that JB Consulting accepted these payments for services provided by JB Consulting to Puck Catering.  Defendant admits that JB Consulting at times invoiced Puck Catering, but that any invoices for $7,916 per month were issued months after the services were provided and further denies that the invoices were accurate or accepted by Puck Catering.  Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Also in year 2, JB Consulting billed the Company and was paid $42,350 in commissions, which was approximately $101,182 less than its full commission.  Again, JB Consulting elected to bill the Company less than its full commission because it thought that it was building an extended relationship and it was willing to contribute to the Company's profitability.

**ANSWER:**

Defendant admits that JB Consulting was paid $42,350 in commission in year 2. Defendant denies that JB Consulting was entitled to the identified commissions in the amount of

6

$101,182 for year 2. Defendant lacks sufficient information to either admit or deny JB Consulting's knowledge, intent or expectation with respect to its alleged failure to bill Puck Catering for the allegedly due commissions. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.    In year 3 (2/07 — 1/08), JB Consulting was paid $66,000, which was $101,000 less than what it was owed in fees. It continued to invoice the company $7,916 per month, without objection, to reflect the deficiency in it pay each month.

**ANSWER:**

Defendant admits that JB Consulting was paid $66,000 in fees in year 3. Defendant denies that this amount was $101,000 less than the amount of fees JB Consulting was owed for its services. Defendant admits that JB Consulting at times invoiced Puck Catering, but that any invoices issued for $7,916 per month were issued months after the services were provided and further denies that the invoices were accurate or accepted by Puck Catering. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.    In year 3, JB Consulting billed and was paid commissions of $15,400, which is approximately $30,824 less than it was owed in fees.

**ANSWER:**

Defendant admits that JB Consulting was paid commissions in excess of $15,400 in year 3. Defendant denies that JB Consulting was entitled to the identified commissions in the amount of $30,824 for year 3. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

20.    Ms. Barnes repeatedly attempted to contact Mr. Schuster to collect the amounts owed to JB Consulting, but he was not reachable. She remained patient, in large part because she was made aware that Mr. Schuster was dealing with some difficult personal issues.

**ANSWER:**

\6304163.3

Defendant lacks sufficient information to either admit or deny whether Ms. Barnes repeatedly attempted to contact Mr. Schuster or the reasons why Ms. Barnes allegedly "remained patient." To the extent an answer to Paragraph 20 is required, Defendant denies the allegations in Paragraph 20.

21.    Ms. Barnes was ultimately able to discuss JB Consulting's compensation with Mr. Schuster after many months and on those occasions he reiterated that JB Consulting would be paid its fees in full, he just needed to find a creative way to pay it.

**ANSWER:**

Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    At one time, the Company was vying to do business involving the Symphony Center. Mr. Schuster told Ms. Barnes that the project might provide a vehicle to pay JB Consulting the amounts owed. However, that project did not materialize.

**ANSWER:**

Defendant admits that Defendant sought business with, but did not obtain the identified project with the Symphony Center. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.    Puck Catering advised JB Consulting in December 2007 that it would no longer be paid fees for budgetary reasons, but that the Company was open to working out a new compensation arrangement.

**ANSWER:**

Defendant admits the allegations in Paragraph 23 of the Complaint.

24.    In response to JB Consulting's request for payment, the Company promised to "work things out." But ultimately, after delaying things for many weeks, the Company wrongfully refused to pay any of the amounts it owes to JB Consulting, in breach of contract and in disregard of promises and assurances made to and relied upon by JB Consulting. JB Consulting was required to file this action because of Puck Catering's breach of contract and failure to honor its promises and assurances. Under the Contract, JB Consulting is entitled to reimbursement by the Company for the fees and costs incurred to enforce its agreement.

**ANSWER:**

\6304163.3

Defendant admits that at times, Puck Catering has attempted to resolve its dispute with JB Consulting. JB Consulting's allegation that Puck Catering breached a contract with JB Consulting requires a legal conclusion to which no answer is required. Defendant denies that JB Consulting is entitled to reimbursement by the Company for the fees and costs incurred to enforce the Contract, as the term of the Contract was for one-year and was fully performed by Puck Catering. Defendant lacks information sufficient to either admit or deny why JB Consulting was required to file this action. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     JB Consulting invoiced Puck Catering for the full amount it is owed in commissions. True and correct copies of the invoices are attached hereto as Exhibit C. The Company has expressed that it is unwilling to pay JB Consulting any of the compensation that it owes.

**ANSWER:**

Defendant admits that JB Consulting at times invoiced Puck Catering, but that any invoices issued for amounts due and owing in commissions, attached as Exhibit C, were issued months after the services were provided and denies that the invoices were ever accepted by Puck Catering. Defendant further denies that these invoices reflect the terms of the party's agreement with respect to the payment of commission to JB Consulting. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.     JB Consulting has fully performed its obligations to Puck Catering.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     JB Consulting advised Puck Catering that it would not represent Puck Catering going forward and would seek opportunities with other caterers, but that it would complete the substantial catering events that, through JB Consulting's effort, are in place or close to being in place in 2008.

9

**ANSWER:**

Defendant admits the allegations in Paragraph 27 of the Complaint.

28.    JB Consulting further advised the Company that it will bill for the significant outstanding business that it procured based on a 10% commission on gross sales, and that, if the Company pays less than the full commission (as it did recently), JB Consulting will deposit the undisputed commission amount and seeks recovery of the unpaid disputed portion of the commission.

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Complaint.

## COUNT I
### (Account Stated)

29.    JB Consulting re-alleges Paragraphs Nos. 1 — 28 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 28 above as if

fully set forth herein.

30.    JB Consulting submitted and Puck Catering received invoices for fees that are owed and which Puck Catering agreed to pay, in the collective amount of $140,583.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Puck Catering did not object to the invoices within a commercially reasonable time (in fact, not at all.)

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    The invoices reflect an account stated in the amount of $140,583, which Puck Catering owes and should be required to pay in the interest of justice and in furtherance of reasonable commercial standards.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint.

\6304163.3

**COUNT II**
**(Breach of Written Contract)**

33.     JB Consulting re-alleges Paragraph Nos. 1-28 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 32 above as if

fully set forth herein.

34.     Through Puck Catering's promises, assurances and actions and the parties' course
of performance, the parties' written contract was extended year to year by agreement and
governed year 1, 2 and 3 of the parties' relationship.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     JB Consulting has submitted invoices to Puck Catering reflecting amounts owed
for valuable services.

**ANSWER:**

Defendant admits that from time to time JB Consulting has submitted invoices to Puck

Catering.  Defendant denies that the invoices were accepted, accurate, timely issued or reflective

of the party's agreements.  Defendant denies the remaining allegations in Paragraph 35 of the

Complaint.

36.     Puck Catering has breached the Contract, as extended, by failing and refusing to
pay JB Consulting fees and commissions that are owed.

**ANSWER:**

Paragraph 36 alleges a legal conclusion to which no answer is required.  To the extent an

answer is required, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     JB Consulting has been damaged by Puck Catering's failure and refusal to pay
amounts owed to JB Consulting.

**ANSWER:**

11

\6304163.3

Defendant lacks sufficient information to either admit or deny the allegations of fact contained in Paragraph 37.  Defendant denies that Puck Catering had any obligation to pay JB Consulting the amounts demanded in its Complaint.  Defendant denies any remaining allegations in Paragraph 37 of the Complaint.

38.     JB Consulting has fully performed under the Contract, as extended.

**ANSWER:**

Defendant denies the allegations in Paragraph 38 of the Complaint.

### COUNT III
### (Violation of the Illinois Sales Representative Act (820 ILCS 120/1 et seq.)

39.     JB Consulting re-alleges Paragraph Nos. 1— 28 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 38 above as if fully set forth herein.

40.     JB Consulting acted as a consultant and sales representative for Puck Catering.

**ANSWER:**

Paragraph 40 alleges a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information as to the time period alleged in Paragraph 40 to either admit or deny.  And therefore, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     JB Consulting procured substantial sales for Puck Catering in Illinois, entitling it to commissions in the amount of 10% of gross sales.

**ANSWER:**

Paragraph 41 alleges a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 41 of the Complaint, except to admit that JB Consulting procured sales for Defendant in Illinois.

42.    Puck Catering has failed and refused to pay commissions owed to JB Consulting in the amount of $187,391.

**ANSWER:**

Defendant denies that Puck Catering had any obligation to pay JB Consulting the amounts demanded in its Complaint.  Defendant denies the allegations in Paragraph 42 of the Complaint.

**COUNT IV**
**Breach of Oral Contract**
**(in the alternative)**

43.    In the alternative, JB Consulting re-alleges Paragraph Nos. 1 – 28 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 42 above as if fully set forth herein.

44.    The parties orally agreed to extend the term of the Contract year to year and continued to perform under the Contract after its initial term.  Puck Catering has breached the Contract, as extended, by failing and refusing to pay JB Consulting fees and commissions that are owed.

**ANSWER:**

Defendant denies the allegations in Paragraph 44 of the Complaint.

45.    JB Consulting has been damaged by Puck Catering's failure and refusal to pay amounts that are owed to JB Consulting for its significant services performed in reliance on the contract and Puck Catering's promises and assurances.

**ANSWER:**

Defendant lacks sufficient information to either admit or deny the allegations of fact contained in Paragraph 45.  Defendant denies that Puck Catering had any obligation to pay JB Consulting the amounts demanded in its Complaint.  Defendant denies any remaining allegations in Paragraph 45 of the Complaint.

13

46.    JB Consulting has fully performed under the Contract, as extended.

**ANSWER:**

Defendant denies the allegations in Paragraph 46 of the Complaint.

## COUNT V
## Promissory Estoppel
## (in the alternative)

47.    In the alternative, JB Consulting re-alleges Paragraph Nos. 1 – 28 as though fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 46 above as if

fully set forth herein.

48.    Puck Catering promised that JB Consulting would be paid in accordance with the Contract after the initial 1 year term expired.

**ANSWER:**

Defendant denies the allegations in Paragraph 48 of the Complaint.

49.    Puck Catering continued to pay fees to JB Consulting in accordance with the Contract after the initial 1 year term expired.

**ANSWER:**

Defendant admits that it paid fees to JB Consulting after the initial one year contract

expired.  Defendant denies the remaining allegations made and containing in Paragraph 49 of the

Complaint.

50.    Puck Catering continued to assure JB Consulting that it would be paid in accordance with the Contract after the initial 1 year term expired.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    JB Consulting reasonably relied on Puck Catering's words and actions and continued to exclusively perform consulting and sales representation on behalf of Puck Catering, to the significant benefit of Puck Catering.

14

**ANSWER:**

Paragraph 51 alleges a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52.      Puck Catering's failure to honor its promises and assurances has caused JB Consulting significant injury and it would be unjust and contrary to basic notions of fairness to allow Puck Catering to avoid responsibility for its words and actions which were intended to, and did in fact, cause JB Consulting to detrimentally rely.

**ANSWER:**

Paragraph 52 alleges a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the allegations of fact contained in Paragraph 52.  Further answering, Defendant denies that Puck Catering had any obligation to pay JB Consulting the amounts demanded in its Complaint.  Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

## **AFFIRMATIVE DEFENSES**

By alleging the matters set forth below, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that JB Consulting is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled.

### **First Affirmative Defense**
### **(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to state a cause of action upon which relief may be granted.

### **Second Affirmative Defense**
### **(Laches)**

\6304163.3

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint is barred by the doctrine of laches.

### Third Affirmative Defense
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense
### (Waiver)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense
### (Failure of Consideration)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims of breach of contract are not supported by consideration.

### Sixth Affirmative Defense
### (Release)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are barred by the doctrine of release.

### Seventh Affirmative Defense
### (Statute of Frauds and Limitations)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint is barred, in whole or in part, by the statute of frauds and/or limitations.

### Eighth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate its damages.

\6304163.3

**Ninth Affirmative Defense**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are barred by the defense of unclean hands.

**Tenth Affirmative Defense**
**(Adequate Remedy at Law)**

To the extent that the Plaintiff attempts to seek equitable relief against Defendant, the Plaintiff is not entitled to such relief because the Plaintiff has an adequate remedy at law.

**Eleventh Defense**
**(Accord and Satisfaction)**

Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims with Defendant.

**Twelfth Defense**
**(Lack of Harm)**

Plaintiff's claims against Defendant are barred, in whole or in part, to the extent the Plaintiff has suffered no damages or harm or injury to a legally protected or cognizable interest as a result of the matters alleged in the Complaint.

**Thirteenth Defense**
**(Failure to State A Claim for Attorneys' Fees, Interest and Compensatory Damages)**

Plaintiff fails to allege facts or a cause of action against Defendant sufficient to support a claim for compensatory damages, prejudgment interest, attorneys' fees and/or legal fees, or any other relief.

**Fourteenth Defense**
**(Right to Assert Additional Defenses)**

Defendant hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.


Date:  June 12, 2008                                  Respectfully Submitted,

                                                     **Wolfgang Puck Catering and Events, LLC,**
                                                     **d/b/a Wolfgang Puck Catering**


                                                     /s John A. Leja_____
                                                     One of its Attorneys

                                                     John J. Michels
                                                     John A. Leja
                                                     Dionne R. Hayden
                                                     McGuireWoods LLP
                                                     77 West Wacker Drive
                                                     41st Floor
                                                     Chicago, IL 60601
                                                     Ph:  (312) 849-8100
                                                     Fax:  (312) 849-3690

18

## CERTIFICATE OF SERVICE

I, John A. Leja, an attorney, certify that on June 12, 2008, a copy of the foregoing ***Answer to***

***Complaint and Affirmative Defenses*** was filed electronically with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following:

Peter A. Sivlerman
Figliulo & Silverman, P.C.
10 South LaSalle Street
Suite 3600
Chicago, IL  60603
psilverman@fslegal.com

/s John A. Leja_____
John A. Leja

19

\6304163.3